**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**CHARLES WHITE** **PLAINTIFF**

**v.** **No. 4:26-cv-677-DPM**

**LAFAYETTE WOODS, JR., individually and in his official capacity as Sheriff of Jefferson County, Arkansas** **DEFENDANTS**

# ORDER

White wants this removed case returned to the Jefferson County Circuit Court where he filed it. Sheriff Woods—in his official and individual capacities—wants the case to remain here.

*First*, White's 2025 amended complaint against Jefferson County (through Sheriff Woods, in his official capacity only at that point) was removable. Albeit at the tail end of a state law claim, White pleaded this: "As such, Plaintiff raises a claim of violation of the Americans with Disabilities Act and the Rehabilitation Act, within the ninety (90) [d]ays as set out in Plaintiff's Right to Sue letter that was issued." *Doc. 1 at 43.* He attached his EEOC paperwork, including his charge and a detailed factual narrative. *Doc. 1 at 46–70.* His prayer for relief sought a declaratory judgment that the County violated both federal statutes. *Doc. 1 at 44.* The County recognized the federal claims. It pleaded this in its answer: "Defendant denies that it violated any of Plaintiff's

alleged rights under the Americans with Disabilities Act and the Rehabilitation Act. Defendant denies that plaintiff exhausted his administrative remedies." *Doc. 1 at 77.* The County did not remove the case. Its thirty-day period for doing so expired. 28 U.S.C. § 1446(b)(3).

*Second,* White's 2026 second amended complaint did not create another opportunity for the County to remove. This pleading revised and expanded White's federal claims. It also added Woods in his individual capacity as another defendant. But, the second amended complaint did not reopen the removal window for the County because White's 2025 amended complaint provided the first notice that his case had become removable. 28 U.S.C. § 1446(b)(3); *Atwell v. Boston Scientific Corp.*, 740 F.3d 1160, 1162 (8th Cir. 2013).

*Third,* Woods's eventual removal—in his individual capacity—of White's 2026 second amended complaint was solid. He was a later-served defendant. 28 U.S.C. § 1446(b)(2)(C). He removed the case within thirty days after service. *Doc. 16 & 18.* That was timely. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Process came from this Court, which was proper given the County's 2026 notice of removal, though that effort was imperfect based on the removability of the 2025 amended complaint. 28 U.S.C. § 1448. This Court had jurisdiction at that point—at a minimum to superintend the case and to decide whether it had jurisdiction after the County's attempted removal. The deep point is that, in law, the lawsuit against

Woods in his official capacity was against Jefferson County. *Bender v. Williamsport Area School District*, 475 U.S. 534, 543 n.6 (1986). The lawsuit against him in his individual capacity added a new defendant: Woods, personally.

*Fourth*, the failure by Woods, in both his capacities, to file an immediate notice of the removal in State court did not create any jurisdictional defect. It created the potential for tangles. That filing "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d); *see also*, *Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996). Failing to notify the State court, however, is a procedural defect that "does not affect the federal court's subject-matter jurisdiction." *Koehnen v. Herald Fire Insurance Co.*, 89 F.3d 525, 528 (8th Cir. 1996); *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997); *Dukes v. South Carolina Insurance Co.*, 770 F.2d 545, 547–48 (5th Cir. 1985); 8B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3735 (Rev. 4th ed.). After White pointed out this defect, Woods (again in both his capacities) cured it. His filing was "prompt[]" enough to satisfy the statute, which prescribes no day-certain deadline. 28 U.S.C. § 1446(d). Had the State court taken some action, or had White filed something there, before Woods filed his notice in State court, then this Court would have had to consider that development. *Anthony*, 76 F.3d

at 214. Nothing happened in the State court, though, during the gap before Woods filed his curative notice there.

*

The County's notice of removal failed. Woods's notice of removal in his individual capacity succeeded. The case stays here. White's motions to remand, *Doc. 9 & 20*, are denied. His motion for a trial date, *Doc. 7*, is granted; an Initial Scheduling Order will issue. Given the new claims, and new defense counsel, we need to start again.

So Ordered.

D.P. Marshall Jr.
D.P. Marshall Jr.
United States District Judge

16 November 2026